UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE PROVIDENT BANK,

    Plaintiff,

v.

MICHAEL HERING, et al.,

    Defendants.

Civil Action No. 16-5174 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff The Provident Bank's ("Provident" or "Plaintiff") second motion for default judgment. (ECF No. 10.) Defendants Michael J. Hering and Traci M. Hering ("Defendants") have not filed an Answer to the Complaint, any responsive motion, or opposition to the instant motion. The Court has carefully considered Plaintiff's motion and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' second motion for default judgment is granted.

**I.**     **Background**

    Plaintiff brought an action against Defendants for breach of contract based on a March 24, 2005 loan of $120,000 made by First Commercial Corporation of America ("First Commercial") that Defendants utilized to purchase a 1986 42 foot 2 Bertram Sportfish Hull with twin diesel I/B 475 hp Detroit Diesel engines (the "Vessel"). (Compl. ¶ 7, ECF No. 1.) The credit extension was evidenced by a note and security agreement ("Note and Security Agreement"), in which Defendants granted First Commercial a security interest in the Vessel. (Note & Sec. Agreement, Compl. Ex. A, ECF No. 1-1.) After Defendants signed the Note and Security Agreement, First

Commercial assigned its interests and rights in the Note and Security Agreement to Provident. (Compl. ¶ 13.) Defendants defaulted on the loan in 2012, following which Plaintiff repossessed and then sold the Vessel in a private sale. (*Id.* ¶¶ 14-15.) Based on the terms of the Note and Security Agreement, Defendants owed a deficiency balance and various costs. (*Id.* at ¶ 16.) Plaintiff alleges that despite its demand, Defendants failed to submit any payments after they defaulted on the loan. (*Id.* at ¶¶ 17-18.)

Following the Clerk's Entry of Default against Defendants, Plaintiff filed its first motion for default judgment. (ECF No. 8.) The Court denied Plaintiff's motion without prejudice, finding that the Complaint failed to make a *prima facie* showing of personal jurisdiction over Defendants. (May 2, 2017 Order, ECF No. 9.) The Court, therefore, required Plaintiff to "re-submit a motion for default judgment supplemented with briefing and relevant exhibits that demonstrate that the Court has personal jurisdiction over Defendants." (*Id.*) Plaintiff's submissions in support of its second motion for default judgment include a legal brief that addresses the personal jurisdiction issue and a detailed certification with exhibits. (ECF No. 10.)

## II. Legal Standard

Prior to entering default judgment, the Court must determine whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, No. 16-3572, 2017 WL 3668946, at *4 (3d Cir. Aug. 25, 2017) (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). Further, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008). "A consequence to the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages,

2

will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted).

If the initial requirements are met, the Court must then consider three factors to determine whether entry of a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied[;] (2) whether the defendant appears to have a litigable defense[;] and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Federal Rule of Civil Procedure 55(b)(2)(B) specifies that "the court may conduct hearings . . . when . . . it needs to . . . determine the amount of damages" owed to a party after entry of default judgment. Fed. R. Civ. P. 55(b)(2)(B). Damages, however, may be determined without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Malik v. Hannah*, 661 F. Supp. 2d 485, 493 (D.N.J. 2009).

**III.  Discussion**

    **A.  Threshold Considerations**

The Court finds that the Complaint sets forth a legitimate cause of action. In addition, the Court finds that it has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the dispute involves citizens of different states and the amount at issue exceeds $75,000. The Court also finds that it has personal jurisdiction over Defendants. Here, the Court is not inclined to engage in a protracted personal jurisdiction analysis. Rather, the Court notes that Plaintiff's supplemental filings sufficiently demonstrate that the Court has specific jurisdiction over Defendants because: (1) Defendants executed a contract with Plaintiff; (2) Defendants established minimum contacts through specific acts that created rights and obligations stemming from their contractual relationship with Plaintiff and, therefore, purposefully availed themselves

3

of the benefits and protections of the State of New Jersey; (3) the course of dealings, prior negotiations, and the terms of the contract were such that Defendants should have reasonably anticipated being haled into a New Jersey court; and (4) exercise of specific jurisdiction over Defendants comports with traditional notions of fair play and substantial justice. Because the Complaint sets forth a legitimate cause of action and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and specific personal jurisdiction over Defendants, it will next address the *Chamberlain* factors.

### B. *Chamberlain* Factors

#### 1. Prejudice to Plaintiffs if Default is Denied

"As to the first factor, '[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate his or her claims.'" *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016) (quoting *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016)). Defendants in the present case failed to respond in any way and, thus, Plaintiffs will suffer prejudice if default is denied. Accordingly, the first *Chamberlain* factor weighs in favor of entering default judgment against Defendants.

#### 2. Whether Defendants Have a Litigable Defense

"A . . . defense[] will be deemed meritorious when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). Here, Defendants failed to raise any defenses for the Court's consideration because Defendants failed to respond. *Vo*, 2016 WL 475313, at *3 (noting that "the Court cannot consider [d]efendant's defenses if any exist because [d]efendant failed to respond to this action"); *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at

*1 (D.N.J. Feb. 27, 2009) (stating that "because [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses"). Thus, the second *Chamberlain* factor also weighs in favor of default judgment.

### 3. Whether Defendants' Delay is Due to Culpable Conduct

In considering whether a default was the result of a defendant's culpable conduct, the Court asks, "whether [he or she] acted willfully or in bad faith." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982). Here, despite having been served with the Complaint (ECF Nos. 4-5), Defendants failed to respond with any filing or submission to the Court. While Defendants' inaction "may not necessarily reflect bad faith, at the very least it reflects willful conduct." *DiPiazza*, 2016 WL 7015625, at *2. The final *Chamberlain* factor, therefore, weighs in favor of the Court's entry of default judgment.

### C. Damages

Plaintiff's pleadings adequately set forth the basis of its requested $107,531.92 default judgment award. Plaintiff specifically documented the following damages: remaining principal balance of $71,326.79; interest in the amount of $23,731.26; repossession costs of $7,706.80; late charges of $539.11; and attorneys' fees in the amount of $4,227.96. As such, a damages hearing is not required. *See Corbin*, 908 F.2d at 1149.

### IV. Conclusion

For the reasons set forth above, Plaintiff's second motion for default judgment is granted. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: January 16, 2018